## BAUMANN, ESTATE OF, IN RE

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 1473.     Decided Feb. 15, 1938

Legler & Murray, Dayton, for appellee, for the motion.

R. A. Argabright, Dayton, for Conrad J. Mattern, executor of the estate of R. Otto Baumann, deceased.

# 596

## OPINION

By HORNBECK, J. .

Submitted on motion to dismiss the appeal of the executor on questions of law and fact.

The appeal is from an order of the Probate Court of Montgomery County permitting a creditor whose claim had not been presented within the time prescribed by law to file his claim for allowance with the executor. This action was taken by virtue of §10509-134, GC.:

"Upon petition filed by a creditor or person deriving title from him, whose claim has not been presented within the time prescribed by law, the Probate Court, if after notice to all interested parties and hearing, it is of the opinion **that justice and equity so require, and that the petitioner is not chargeable with culpable neglect in failing to present his claim within the time so prescribed,** may permit petitioner to file his claim for allowance, but such allowance shall not affect any payment or distribution made before the filing of such claim, nor shall it prejudice the rights of creditors whose claims were filed within the time prescribed by law." (Emphasis ours)

This is statutory procedure incident to the general jurisdiction of the Probate Court in the administration and settlement of estates and unless in terms expressly authorizes and requires equitable intervention and action of the court, such action would not be the basis of an appeal on questions of law and fact.

Our attention is directed to that portion of §10509-134 GC, which is emphasized in connection with the fact that the Probate Court is such a court as has the capacity, under the Constitution, to receive any equitable jurisdiction which may be conferred upon it.

The procedure and remedy set up by §10509-134 GC has no historical background at common law or counter part in chancery practice and we therefore are without benefit of precedent. The language of the Section that the court shall permit the claim of the creditor to be filed "if justice and equity so require". in conjunction with the other element necessary to be found, is but a statement of principles of justice which shall actuate and control the court in making the determination provided in the Section. It does not intend,

nor does it accomplish a change in the character of the relief sought or granted. The relief is exclusively and completely statutory and in our judgment the section is not intended to classify the remedy as equitable.

We shall not dismiss the appeal but the entry on the motion may provide that we determine that the cause cannot be re-tried on the facts but will be held for trial as an appeal on questions of law and appellant will be given thirty days from the entry in this court within which to have a bill of exceptions settled and approved in the trial court.

BARNES, PJ, and GEIGER, concur.